UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE                     CIVIL ACTION
COMPLAINT OF SEACOR MARINE,
LLC ON BEHALF OF THE M/V                 NO: 04-785
SYLVIA F FOR EXONERATION
FROM OR LIMITATION OF                    SECTION: "J" (2)
LIABILITY

**ORDER AND REASONS**

Before the Court are Claimants Noble Drilling (U.S.) Inc. and Noble (Gulf of Mexico), Inc.'s Motion for Partial Summary Judgment (Rec. Doc. 71), and SEACOR Marine, LLC, Candy Cane II, Inc., Candy Fleet Corp., and Candy Dancer LLC's Cross-Motion for Summary Judgment (Rec. Doc. 78).

**BACKGROUND**

Noble Drilling (U.S.) Inc. and Noble (Gulf of Mexico), Inc. (collectively "Noble") employed Marcus Elmore as a roustabout aboard the NOBLE LESTER PETTUS. On March 3, 2004 the crew boat M/V CANDY CANE, owned and operated by Candy Cane II, Inc. and Candy Fleet Corp., was transporting Mr. Elmore ashore when the M/V SYLVIA F, owned and operated by SEACOR Marine, LLC, collided

with the M/V Candy Cane. Mr. Elmore was allegedly injured in the collision. As a result of his injuries he sued Candy Cane II, Candy Fleet, Candy Dancer, and SEACOR (collectively "the Vessel Interests") in Harris County, Texas. Mr. Elmore later added Noble as a defendant in the suit, specifically claiming maintenance and cure and damages arising from the failure to pay maintenance and cure. SEACOR then filed this limitation action, which eventually led to all of the Vessel Interests and Noble being joined, among others. Noble filed third-party complaints and a cross-claim seeking indemnity from the Vessel Interests.

In March of 2005, Mr. Elmore settled all of his claims, including those against Noble. Noble did not fund the settlement and never paid any maintenance and cure to Mr. Elmore. Following the settlement, Noble filed its motion for partial summary judgment seeking to establish that the Vessel Interests were liable for Noble's attorney's fees. The Vessel Interests responded with their cross-motion seeking to have Noble's claims for attorney's fees dismissed with prejudice.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, discovery, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (citing FED. R. CIV. PROC. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted).

## DISCUSSION

Noble relies on the general law of indemnity in support of its claim for attorney's fees. The Vessel Interests rely on the default application of the "American Rule" pursuant to which each party pays its own legal expenses. The Vessel Interests also protest that, because Noble never paid the principal claim for maintenance and cure, it is ineligible for indemnity for expenses associated with that claim. The Court finds this third argument convincing.

Noble cites *Cotten v. Two 'R' Drilling Co.*, 508 F.2d 669 (5th Cir. 1975) (abrogated on other grounds), for the proposition

that "the reasonable expenses incurred by an indemnitee in defending a claim against him may be recovered of his indemnitor–and that these expenses include attorney's fees." *Cotten*, 508 F.2d at 671. The district court in *Wisconsin Barge Line* also granted the indemnitee employer attorney's fees as an expense of defending the claim, which award was not disturbed (although neither was it appealed or analyzed) by the Fifth Circuit. *See Wisconsin Barge Line, Inc. v. The Barge Chem 300*, 546 F.2d 1125, 1126 (5th Cir. 1977). The Vessel Interests cite *Black v. Red Star Towing & Trans.*, 860 F.2d 30, 34-35 (2d Cir. 1988) (*en banc*), and *In the Matter of D.N.H. Towing Co.*, 1998 WL 51835, *4-5 (E.D. La. 1998) (J. Vance), for the opposing proposition that an employer who recovers maintenance and cure from third-parties cannot recover attorney's fees under the American Rule.

Under the well-established American Rule, attorney's fees are not recoverable by the prevailing party; this applies to admiralty cases just as in other types of cases. *See Delta Steamship Lines v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1011 (5th Cir. 1984). However, the American Rule allows for exceptions, both statutory and nonstatutory. *See Boland Marine & Mfg.* Co. v. Rihner*, 41 F.3d 997, 1004-05 (5th Cir. 1995). *Cotten*

and *Wisconsin Barge Line* apparently recognize an exception to the American Rule where the prevailing party is owed complete indemnity. *Red Star* and *D.N.H. Towing* each deny attorney's fees, though recognizing the right of a non-negligent employer to be indemnified by the tortfeasor for maintenance and cure payments. Thus there appears to be some conflict between *Cotten* and *Wisconsin Barge Line* on the one hand, and *Red Star* and *D.N.H. Towing* on the other. Due to the circumstances of this case, as explained below, the Court need not resolve that conflict to rule on the motions before it.

In each of the cited cases, the employer was sued for negligence, either exclusively or in addition to claims for maintenance and cure. The employer in each case paid the maintenance and cure claim if there was one and incurred costs defending against the negligence claim. After being found not negligent or settling the negligence claim, the employer was able to recover any payments it had made from the negligent third party. In *Cotten* and *Wisconsin Barge Line* the employer also recovered expenses, including attorney's fees.

The *Cotten* exception to the American Rule, if it exists, does not apply here. Noble initially sought summary judgment on the Vessel Interests' liability for indemnity for any maintenance

and cure payments <u>and</u> for attorney's fees for defending against the maintenance and cure claim. Subsequent memoranda, statements of uncontested facts, and questioning at oral argument clarified that Noble had never paid any maintenance and cure to Mr. Elmore, that Noble did not contribute to funding the settlement, and that Noble seeks indemnification solely for attorney's fees incurred preparing to defend against the maintenance and cure claim. Thus, the axiomatic rule cited in *Wisconsin Barge Line* that "'[a] person who, in whole or in part, **has discharged a duty** which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other'" does not apply here. 546 F.2d at 1128 (quoting Restatement of Restitution § 76) (emphasis added).  Noble never discharged its duty to pay the maintenance and cure for which it was potentially liable, and so it is not an indemnitee. Per force the subsidiary rule applied in *Cotten* awarding "reasonable expenses incurred by the indemnitee" does not apply. Had Noble paid the maintenance and cure claim and/or incurred fees defending against a negligence claim brought against it as a result of the negligence of a third party, as in the cases cited above, then the Court would have to reach the issue of whether the "American Rule" applies or whether attorney's fees are an

expense to be indemnified. In the instant case, the rules of indemnification do not apply because Noble paid nothing in the claim against it, and had no duty to defend against the maintenance and cure claim.

This conclusion is influenced by the policy considerations behind the duty to pay maintenance and cure to injured or sick seamen. The employer of a seaman owes him "an absolute, non-delegable duty to provide maintenance and cure" regardless of the employer's fault, for which duty the employer is "almost automatically liable." *Bertram v. Freeport McMoran, Inc.*, 35 F3d 1008, 1013 (5th Cir. 1991) (quotations and citations omitted). Noble would have the Court recognize a right to be indemnified for attorney's fees expended to avoid this duty. Such a right would tend to encourage employers to withhold maintenance and cure from injured or sick seamen, forcing the seaman to litigate to receive that which should be nearly automatic.

## CONCLUSION

In the particular circumstances of this case, where maintenance and cure was never paid, the Court finds that the principles of indemnity do not apply.

Accordingly,

**IT IS ORDERED** that Noble Drilling (U.S.) Inc. and Noble


(Gulf of Mexico), Inc.'s **Motion for Partial Summary Judgment (Rec. Doc. 71) is DENIED**

**IT IS FURTHER ORDERED** that SEACOR Marine, L.L.C., Candy Fleet Corp., and Candy Dancer, L.L.C.'s **Cross-Motion For Summary Judgment (Rec. Doc. 78) is GRANTED**.

New Orleans, Louisiana this the 22nd day of March, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE